UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaDARIUS D. MURPHY,<br><br>    Petitioner,<br><br>    v.<br><br>STEVEN SMITH[1],<br><br>    Respondent. | No. 2:24-cv-01978-TLN-EFB (HC)<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is before the court for screening. ECF No. 1. He has paid the filing fee. Petitioner has also filed two motions for appointment of counsel. ECF Nos. 9, 10.

There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so

---

[1] The Sacramento County Court was previously named as the respondent. Steven Smith is currently the warden of Pelican Bay State Prison, where petitioner is incarcerated. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Accordingly, the court substitutes Smith as respondent.

1

require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. *Id.* Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; *see Blackledge v. Allison*, 431 U.S. 63, 75, n.7 (1977).

Petitioner asserts three claims, all of which are too vague to comply with Rule 2(c). The claims are that: (1) "petitioner was denied the constitutional rights to be afforded relief in laws and provisions" (ECF No. 1 at 5, listing various state laws); (2) petitioner was denied the constitutional right of review in 'Judicial Council'" (*id.*, alleging that the state trial court failed to apply "sentencing rules of judicial council and sentencing and hearings pursuant under PC § 1172.1(d)(2) [sic]"); and (3) appellate counsel rendered ineffective assistance by filing "a weak appeal that deliberately disregard[ed] the merits of my appeal and sentence" (*id.*).

These allegations do not make clear how petitioner is in custody in violation of the federal Constitution or laws. In addition, the first two grounds asserted by petitioner appear to challenge the trial court's interpretation and/or application of state laws and sentencing schemes. Federal habeas relief is not available to correct errors in the interpretation or application of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Lewis v. Jeffers*, 497 U.S. 764, 780 (9th 1990).

Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief and *summarize the facts he alleges support each of the identified claims*.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[2]

2. Any amended petition must bear the case number assigned to this action and the title "Amended Petition";

3. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus;

4. Petitioner's motions for appointment of counsel (ECF Nos. 9, 10) are DENIED without prejudice to their renewal at a later stage of the proceedings.

Dated: February 20, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.